[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14714
_____

D. C. Docket No. 1:08-cv-23401-JIC

SYDELLE RUDERMAN, by and through her
Attorney-in-fact, Bonnie Schwartz,
SYLVIA POWERS, by and through her Attorney-
in-fact, Les Powers, individually and on behalf of
all others similarly situated, et al,

Plaintiffs-Appellees,

versus

WASHINGTON NATIONAL INSURANCE
CORPORATION, Successor in Interest to Pioneer
Life Insurance Company,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 24, 2013)

Before MARTIN, EDMONDSON, and SUHRHEINRICH,[*] Circuit Judges.


PER CURIAM:


This case involves a dispute about the proper interpretation of a home health care insurance policy under Florida law. The case returns to us after we certified this question to the Supreme Court of Florida: "In this case, does the Policy's 'Automatic Benefit Increase Percentage' apply to the dollar values of the 'Lifetime Maximum Benefit Amount' and the 'Per Occurrence Maximum Benefit'?" We noted that answering this question might involve answering three sub-questions:

A.   Does an ambiguity exist about whether the Policy's "Automatic Benefit Increase Percentage" applies only to the "Home Health Care Daily Benefit" or whether it also applies to the "Lifetime Maximum Benefit Amount" and the "Per Occurrence Maximum Benefit"?

B.   If an ambiguity exists in this insurance policy -- as we understand that it does -- should courts first attempt to resolve the ambiguity by examining available extrinsic evidence?

C.   Applying the Florida law principles of policy construction, does the Policy's "Automatic Benefit Increase Percentage" apply to the "Lifetime Maximum Benefit Amount" and to the "Per Occurrence Maximum Benefit" or does it apply only to the "Home Health Care Daily Benefit"?

---

[*]   Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

<u>Ruderman v. Wash. Nat'l Ins. Corp.</u>, 671 F.3d 1208, 1212 (11th Cir. 2012).[1]

The Supreme Court of Florida has advised us that the answer is "yes" to the main certified question, "yes" to sub-question A, "no" to sub-question B, and "yes" to sub-question C.  <u>Wash. Nat'l Ins. Corp. v. Ruderman</u>, 38 Fla. L. Weekly S. 511 (Fla. 2013).  We thank the Florida court for its guidance.  In the light of these definite responses, we affirm the district court's grant of summary judgment in favor of the Plaintiff-Appellees.[2]

AFFIRMED.

---

[1] For background, see <u>Ruderman</u>, 671 F.3d at 1210-11.

[2] To the extent that a party seeks any kind of award of attorneys' fees for the work performed during the course of this appeal -- including for the work performed in resolving the certified question in the Supreme Court of Florida -- that party must file a proper application for those attorneys' fees with this Court.  See generally 11th Cir. R. 39-2.